UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

REBECCA LACY,

    Plaintiff,                                              CASE NO.:

v.

AMERICAN STRATEGIC INSURANCE,

    Defendant.
_____/

## CIVIL ACTION COMPLAINT

Plaintiff, REBECCA LACY, by and through her counsel, files this Complaint against Defendant, AMERICAN STRATEGIC INSURANCE, as follows:

### INTRODUCTION

1. This is an action by the Plaintiff, REBECCA LACY ("Plaintiff"), against her insurance carrier, AMERICAN STRATEGIC INSURANCE ("ASI"), for benefits owed under a flood insurance policy, which have not been paid, as a result of Hurricane Ian.

2. Plaintiff purchased a flood insurance policy from ASI, which participated in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), and consequently issued a Standard Flood Insurance Policy ("SFIP") to Plaintiff.

3. ASI failed to pay the damages due and owing under the insurance policy.

## PARTIES

4. Plaintiff is a homeowner owning real property located at 1187 Betmar Blvd., North Fort Myers, Lee County, Florida 33903.

5. Defendant, ASI, is an insurance company authorized to do business in the State of Florida.

## JURISDICTION

6. This Court has jurisdiction over this action pursuant to the National Flood Insurance Act, specifically 42 U.S.C. § 4001, *et seq*.

## COUNT ONE – BREACH OF CONTRACT

7. Plaintiff purchased a flood insurance policy from ASI, which covered the property at issue in this matter under Policy Number FLD485345 (the "Policy"). Plaintiff is not in possession of a copy of the Declaration Pages of the Policy, despite multiple requests to ASI for same.

8. All premiums on the Policy were paid, and the Policy was in full force and effect at all relevant times herein.

9. On or about September 28, 2022, Hurricane Ian caused extensive flooding to the southwest coast of Florida.

10. Hurricane Ian was a flood event, a covered risk under the Policy.

11. Plaintiff's property sustained extensive damage as a result of flood waters associated with Hurricane Ian.

12. Following Hurricane Ian, Plaintiff properly and promptly notified ASI of the damage to her property caused by flood waters associated with Hurricane Ian.

13. On or about November 1, 2022, ASI advised Plaintiff that it was issuing payment in the amount of $112,350.05 for Coverage A – Building. ASI also advised that it was denying damages to the ceramic tile in the kitchen, guest bath and master bath. *See* **Exhibit "A."**

14. Plaintiff disagreed with ASI'S assessment of the covered damages, and on or about September 27, 2023, Plaintiff submitted a Sworn Statement in Proof of Loss to ASI pursuant to the terms of the Policy. A copy of the Sworn Statement in Proof of Loss is attached hereto as **Exhibit "B."**

15. On or about October 27, 2023, ASI advised Plaintiff that it rejected the Sworn Statement in Proof of Loss. *See* **Exhibit "C."**

16. ASI has breached the terms of the Policy by failing and refusing to pay all amounts due to Plaintiff pursuant to the terms of the Policy.

17. Plaintiff has complied with all conditions precedent to the bringing of this action or, in the alternative, ASI has waived same.

18. As a result of ASI'S breach, Plaintiff has suffered damages, including the amounts to which she is legally entitled to recover under the terms of the subject Policies.

**WHEREFORE**, Plaintiff, REBECCA LACY, brings this action against Defendant, AMERICAN STRATEGIC INSURANCE, and requests the following relief:

1. Entry of judgment in her favor for all amounts to which she is entitled under the terms of the Policy;

2. An award of the costs for this action; and

3. Such other and further relief as this Court deems just and appropriate.

Dated on this 31st day of October, 2023.

**MERLIN LAW GROUP, P.A.**

By: */s/ William C. Harris*
WILLIAM C. HARRIS, ESQUIRE
Florida Bar No.: 69023
ASHLEY N. HARRIS, ESQUIRE
Florida Bar No.: 105576
777 S Harbour Island Blvd., Suite 950
Tampa, Florida 33602
Tel: (813) 229-1000
Fax: (813) 229-3692
charris@merlinlawgroup.com
aharris@merlinlawgroup.com
harrispleadings@merlinlawgroup.com
*Counsel for Plaintiff*

# EXHIBIT "A"



**PROGRESSIVE**
FLOOD

P.O. Box 33018
St. Petersburg, FL 33733
(866) 511 – 0793
floodclaims@asicorp.org

11/1/2022

Rebecca Lacy
1187 Betmar Blvd
North Fort Myers, FL 33903

Re:   Policy Number: FLD485345
      Date of Loss: 09/28/2022
      Claim Number: 19415-221001
      Insured Property: 1187 Betmar Blvd North Fort Myers, FL 33903

Dear: Rebecca Lacy

In regard to the above captioned claim, it is our hope that the National Flood Insurance Policy will help you recover as quickly as possible.

Enclosed you will find payment in the amount $112,350.05 Coverage A- Building , and the adjuster's estimate explaining the basis for this payment(s).  Please review this estimate carefully.  By accepting this payment, you agree that the information in the adjuster's report is true and correct to the best of your knowledge and belief.

The adjuster's final report indicates that there was no sign or evidence of any direct physical damage to certain building items/components, including but not limited to the ceramic tile in the kitchen, guest bath and master bath.  Therefore, we must respectfully deny this portion of your flood claim.  Please refer to the following sections of your National Flood Insurance Policy Dwelling Form,

Standard Flood Insurance Policy Dwelling Form,

    **I. AGREEMENT**

        C. We will pay you for direct physical loss by or from flood to your insured property…

    **II. DEFINITIONS**

        A. Flood, as used in this flood insurance policy, means:

2022

1. A general and temporary condition of partial or complete inundation of two or more acres of normally dry land area or of two or more properties (one of which is your property) from:

   a. Overflow of inland or tidal waters,
   b. Unusual and rapid accumulation or runoff of surface waters from any source
   c. Mudflow

C. The following are the other key definitions we use in this policy:

14. Direct Physical Loss By or From Flood. Loss or damage to insured property, directly caused by a flood. There must be evidence of physical changes to the property.

   III.   PROPERTY INSURED

   A.   Coverage A – Building Property

   We insure against direct physical loss by or from flood to:

In regard to your rear porch, please be advised that such property is not covered under your National Flood Insurance Policy Dwelling Form which states:

We do not cover any of the following:

6. Those portions of walks, walkways, decks, driveways, patios and other surfaces, all whether protected by a roof or not, located outside the perimeter, exterior walls of the insured building or the building in which the insured unit is located;

A copy of the Standard National Flood Insurance Policy – Dwelling form can be found at:
https://www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms

Please note: Pursuant to your National Flood Insurance Policy, Part VII, General Conditions, Section N, Mortgage Clause, "The word 'mortgagee' includes trustee. Any loss payable under Coverage A – Building Property will be paid to any mortgagee of whom we have actual notice as well as any other mortgagee or loss payee determined to exist at the time of loss, and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgages." Therefore, all payees and mortgagees must endorse (sign) the check so it can to be processed by the bank. While we certainly understand, this may be inconvenient, we are nevertheless required to do this without exception.

Accepting this payment does not waive any of your rights to seek further payments under your flood insurance policy. You may request additional payments by submitting a Proof of Loss within one year following the date of loss. We will help you complete and submit a Proof of Loss if you believe you are owed more under your flood insurance policy. You can learn more about requesting payments under your policy by visiting https://www.fema.gov/nfip-file-your-claim.

You may also access the Standard Flood Insurance Policy at:

2022

https://www.fema.gov/national-flood-insurance-program/standard-flood-insurance-policy-forms

If you have any questions regarding this letter or your flood insurance policy, please contact Progressive Flood at 866-511-0793.

Regards,

*Anthony McGriff*

Anthony McGriff
Flood Claims Examiner
Progressive Flood
Toll Free: (866) 511-0793, Ext. 5308
Fax: (888) 308-9025
Email: amcgriff@asicorp.org

CC:

PENNYMAC LOAN SERVICES
P.O. BOX 6618
SPRINGFIELD, OH 45501

2022

# EXHIBIT "B"



**TAMPA, FL**
777 S. HARBOUR ISLAND BLVD.
SUITE 950
TAMPA, FLORIDA 33602
TELEPHONE: (813) 229-1000
FAX: (813) 229-3692

September 27, 2023

<u>**VIA EMAIL & UPS OVERNIGHT DELIVERY**</u>
American Strategic Insurance
1 ASI Way
Saint Petersburg, FL 33072
claims@asicorp.org

    Re:    *NFIP Proof of Loss Submission*

        *Insured's Name:*    *Rebecca L. Lacy*
        *Claim Number:*    *19415-221001*
        *Policy Number:*    *FLD485345*
        *Date of Loss:*    *September 28, 2022*
        *Insured Location:*    *1187 Betmar Blvd., North Fort Myers, Florida 33903*

Dear Flood Claims Department:

    Please find enclosed the executed sworn proof of loss for the above-referenced policy and claim. Also enclosed is a Building Property Worksheet, invoices, and receipts in support of the amounts claimed on the sworn proof of loss.

    Nothing in this letter is meant as a waiver of our client's rights. Rebecca L. Lacy reserves all rights that she may have under the insurance contract and applicable law, including but not limited to, supplementing the claim should such cause arise.

    We appreciate your time and attention to this matter and look forward to working with you to resolve the claim in a timely manner. Should you have any questions or concerns, please do not hesitate to contact us at any time.

        Very truly yours,

        **MERLIN LAW GROUP, P.A**.

        */s/ Ashley N. Harris*
        ASHLEY N. HARRIS, ESQUIRE

Enclosures (as referenced herein).

cc:    Rebecca L. Lacy (via email)

| Submission: | Initial Proof of Loss | DEPARTMENT OF HOMELAND SECURITY<br>Federal Emergency Management Agency<br>National Flood Insurance Program | OMB Control Number: 1660-0005<br>Expiration: 01-31-2024 |

## PROOF OF LOSS
### BUILDING AND CONTENTS

Policyholder-Prepared

Policyholders use this form to provide a Proof of Loss to their insurer, which is the policyholder's statement of the amount of money being requested, signed and sworn to by the policyholder, with documentation to support the amount requested, as required by the Standard Flood Insurance Policy (SFIP) in section VII.J.4.

POLICYHOLDER: Rebecca Lacy  
POLICY NO.: FLD485345  
PROPERTY ADDRESS: 1187 Betmar Blvd.  
CLAIM/FILE NO.: 19415-221001  
CITY: North Fort Myers  STATE: FL  ZIP: 33903  
DATE OF LOSS: 09/28/2022  
MAILING ADDRESS: 1187 Betmar Blvd  Same as property  
TIME OF LOSS: 12:00 PM  
CITY: North Fort Myers  STATE: FL  ZIP: 33903  
PHONE NO.: (810) 875-7534  
EMAIL #1: nothing48430@yahoo.com  EMAIL #2:  

How flood loss happened: Unusual and rapid accumulation or runoff of surface waters from any source

Interest:  
Mortgagee(s): _____   None: ☐  
Others with interest in or liens, charges or claims against property: _____   None: ☒  
Other insurance that may insure this loss: _____   Type: _____

Title and Occupancy:  
Building type: Residential single-family dwelling  
Ownership/use: Owner-occupied (principal residence)  
Contents type/ownership/use: _____

| COVERAGE / BENEFIT TYPE | AMOUNT OF COVERAGE | DEDUCTIBLE | AMOUNT CLAIMED |
|---|---|---|---|
| COVERAGE A – BUILDING PROPERTY | $ 165,000 | $ (5,000) | $ 160,000.00 |
| COVERAGE B – PERSONAL PROPERTY | $ | $ | $ |
| | | NET AMOUNT CLAIMED: | $ 160,000.00 |

Requirements for submitting a complete Proof of Loss (check all that apply):
- ☒ In completing this Proof of Loss, I have used my own judgment concerning the amount of my loss
- ☒ I have justified the amount of my loss by attaching the following:
  - ☒ Specifications of damaged buildings and detailed repair estimates (for building claims)
  - ☐ A detailed inventory of damaged personal property (for contents claims)
  - ☒ All bills, invoices, receipts and related documents (for all claims)

I understand that I must submit a Proof of Loss within 60 days of the date of the loss or within any extension of that deadline made in writing by FEMA's Federal Insurance Administrator. The flood event identified above damaged or destroyed the property claimed on this Proof of Loss. I understand that my SFIP is issued pursuant to federal law, the National Flood Insurance Act of 1968, as amended, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Chapter 1, Subchapter B.

I understand that I may still request additional payment for other flood damages if I believe that not all damages were addressed in this estimate. In the event a third party is responsible for the damage, I hereby authorize my insurer to bring suit in my name against any third party who may be responsible for the damages.

I have not knowingly and willfully falsified or concealed a material fact, made a false or fraudulent representation, or presented any false document in connection with this claim, and acknowledge that any such action may be punishable by fine of imprisonment under applicable United State Codes.

By signing and dating this form, I declare under penalty of perjury that the foregoing is true and correct.

POLICYHOLDER SIGNATURE: *Rebecca Lacy* (DocuSigned by: 557B574D3EA6423...)  
DATE SIGNED: 9/27/2023  
OWNER NAME: **Rebecca Lacy**  
OWNER TITLE: **Insured**

FEMA Form FF-206-FY-21-108 (formerly 086-0-09) (3/21)

Page 1 of 2

| PRIVACY ACT STATEMENT |
|---|
| Pursuant to 5 U.S.C. § 552a(e)(3), this Privacy Act Statement serves to inform you of why the Federal Emergency Management Agency (FEMA) is requesting the information on this form.<br>**AUTHORITY**<br>FEMA is authorized to collect the information requested on this form pursuant to the National Flood Insurance Act of 1968, as amended, 42 U.S.C. § 4001, et seq., and the Bunning-Bereuter-Blumenauer Flood Insurance Reform Act (FIRA) of 2004, Pub. L. No. 108-264 § 205.<br>**PURPOSE**<br>FEMA is requesting this information to manage and account for the National Flood Insurance Program's (NFIP) claims and claims appeal processing. FEMA and Write Your Own (WYO) companies underwriting NFIP policies will use this information to access flood-related damages to properties covered by NFIP policies, process payments against flood claims against property in accordance to NFIP policy terms and coverage, and to review claims for damaged property to ensure appropriate processing such claims.<br>**ROUTINE USES**<br>The information requested on this form may be shared externally as a "routine use" to, the Army Corps of Engineers, other Federal agencies, state government agencies, local government agencies, tribal government agencies, property loss reporting bureaus, state insurance departments, insurance companies, reinsurance companies and capital marketing firms, to assist the Department of Homeland Security in investigating fraud or potential fraud in connection with claims; to review NFIP policy and claims information for properties within its jurisdiction in order to assist in hazard mitigation and floodplain management activities, and in monitoring compliance with the floodplain management measures adopted by the community;   to conduct research, analysis, and feasibility studies of policies and claims within its jurisdiction; and to implement the NFIP Reinsurance Program. A complete list of the routine uses can be found in the system of records notice associated with this form, "Department of Homeland Security/FEMA – 003 National Flood Insurance Program Files System of Records (79 Fed. Reg. 28,747, May 19, 2014)." The Department's full list of system of records notices can be found on the Department's website at http://www.dhs.gov/system-records-notices-sorns.<br>**CONSEQUENCES OF FAILURE TO PROVIDE INFORMATION**<br>Providing this information to is voluntary.  However, failure to provide this information may result in FEMA, your insurance agency, or agent from properly processing NFIP policy claims or claims appeals and issuing the proper payout for flood related damages to the property related to the NFIP policy.  Individuals who do not provide this information may contact your NFIP policy agent, or access the NFIP support page at https://www.fema.gov/national-flood-insurance-program-technical-support-hotline and follow the instruction for submitting written concerns to the NFIP. |

| PAPERWORK BURDEN DISCLOSURE NOTICE |
|---|
| Public reporting burden for the collection of information titled "FEMA Inspection and Claims Forms" is estimated to average 7.5 hours per response. The burden estimate includes the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and submitting these forms. You are not required to respond to this collection of information unless a currently valid OMB control number and expiration date is displayed in the upper right corner of these forms. Send comments regarding the accuracy of the burden estimate and suggestions for reducing the burden to: Information Collections Management, Department of Homeland Security, Federal Emergency Management Agency, 500 C Street SW, Washington, DC 20472, Paperwork Reduction Project (1660-0005). **NOTE: Do not send your completed form to this address.** |

| FEMA FORM NO. | TITLE | BURDEN HOURS |
|---|---|---|
| 086-0-6 | Personal Property (Contents) Worksheet | 3.00 Hours |
| 086-0-7 | Building Property Worksheet | 3.00 Hours |
| **086-0-9** | **Proof of Loss - Building & Contents (Policyholder-Prepared)** | **.17 Hours** |
| 086-0-10 | Proof of Loss - Increased Cost of Compliance (ICC) | 1.75 Hours |
| 086-0-11 | First Notice of Loss | .17 Hours |
| 086-0-17 | Manufactured (Mobile) Home/Travel Trailer Worksheet | 1.50 Hours |
| 086-0-22 | Proof of Loss - Building & Contents (Adjuster-Prepared) | .08 Hours |
| 086-0-23 | Advance Payment Request - Building & Contents | .17 Hours |
| 086-0-24 | Advance Payment Request - Increased Cost of Compliance (ICC) | .25 Hours |
| 086-0-25 | Claim Appeal | 1.50 Hours |
| 009-0-143 | Onsite Housing Inspection | 1.00 Hours |
| 009-0-144 | Remote Voice Telephony Housing Inspection | 1.00 Hours |
| 009-0-145 | Remote Video Telephony Housing Inspection | 1.00 Hours |

FEMA Form FF-206-FY-21-108 (formerly 086-0-09) (3/21)

Page 2 of 2

# EXHIBIT "C"



P.O. Box 33018
St. Petersburg, FL 33733
(866) 511 – 0793
Fax (888) 308 – 9025
floodclaims@progressive.com

10/27/2023

SENT VIA E-MAIL & U.S.P.S. FIRST-CLASS MAIL

Rebecca Lacy
C/o Merlin Law Group
Attn: Ashley N. Harris, Esq.
777 S. Harbour Island Blvd, Ste. 950
Tampa, FL 33602

Re:   Policyholder:        Rebecca Lacy
      Policy Number:       0FLD485345
      Date of Loss:        09/28/2022
      Claim Number:        19415-221001
      Insured Location:    1187 Betmar Blvd North Fort Myers, FL 33903-4337

Ashley N. Harris,

Note, Progressive awaits an NFIP compliant letter of representation from your office. Please refer to the correspondence sent 10/23/2023.

This letter acknowledges receipt of a Sworn Statement in Proof of Loss referencing Policy Number 0FLD485345 with policy term 06/13/2022 to 06/13/2023. This proof of loss was submitted in connection with the given loss date of 09/28/2022, reported on 10/03/2022, for the property located at 1187 Betmar Blvd North Fort Myers, FL 33903-4337. This proof of loss form is signed and dated 09/27/2023 by the named Policyholder(s) and received via email at the flood claims department that same day.

Please be advised that the Sworn Statement in Proof of Loss submitted and claiming the sum of $160,000.00 ("Net Amount Claimed") under Coverage A-Building is herewith rejected as this Proof of Loss is not an accurate reflection of the indemnifiable damage covered by the policy.

For example, your flood adjuster's report(s) recommend denial of the following claimed items and/or they duplicate other line items:

- Tile flooring (No evidence of damage by or from flood).
    - Note, the approved estimate includes re-grout of the tile floors.
- HEPA vacuuming (Duplicates unit price for material removal, cleaning, or mildewcide application).

Progressive Flood
P.O. Box 33018 St. Petersburg, FL 33733
(866) 511 – 0793 | Fax (888) 308 – 9025
floodclaims@progressive.com

Thus, we respectfully deny the above-referenced items. Please refer to the following language in your SFIP Dwelling Form and the NFIP Claims Manual:

    **I.**    **AGREEMENT** (p 1 of 30)

…

C. We will pay you for direct physical loss by or from flood to your insured property if you:

…

    **II.**    **DEFINITIONS** (p. 2 of 30)

…

C. The following are the other key definitions we use in this policy:

…

14. Direct Physical Loss By or From Flood. Loss or damage to insured property, directly caused by a flood. There must be evidence of physical changes to the property.

…

    **III.**    **PROPERTY INSURED** (p. 3 of 30)

A. Coverage A—Building Property

We insure against direct physical loss by or from flood to:

…

**FEMA Memorandum W-13025a**

…

"When drying services are performed and a properly completed "drying log" is submitted along with the itemized invoice, the insurer and their claim representative should take into consideration the number of drying equipment units validated by the drying log for the drying duration presented…"

…

Other related issues:

1. Water extraction – It is important that the estimated unit price for water extraction reflect what is actually required, such as when extracting water with a pump, hose and periodic monitoring, as in "pump-out"; this is a different task with a different cost compared to performing water extraction manually using a wet vacuum or specialized extraction equipment when salvaging structural building material. When flood water is extracted to aid the removal of carpet and padding, it is included in its removal unit price; when it is used during the course of cleanup, as in the removal of spent cleaning water, it is included in the cleanup unit price.

2. Other equipment – When generators, negative air movers, air filtering equipment, personal protection equipment, and any other equipment and associated labor are needed for the removal of damaged building material,

   cleaning, or the application of mildewcide (when it is directly caused by or from flood), they are considered included in the unit price for material removal, cleaning, or mildewcide application.
   …

If you do not agree with our decision to deny your claim, in whole or in part, Federal Law allows you to appeal that decision within 60 days of the date of this denial letter. Please see your Policyholder Rights enclosed with this letter.

Note, we are hereby returning to you the signed Proof of Loss form submitted and claiming the sum of $160,000.00 ("Net Amount Claimed") under Coverage A-Building of your SFIP Dwelling Form. Any other Proofs of Loss that you may file will be considered an entirely new document.

You may refer to a complete copy of the policy at:
https://www.fema.gov/sites/default/files/documents/fema_F-122-Dwelling-SFIP_2021.pdf

If you have any questions regarding this claim, please give me a call.

Respectfully,

Francois Jean-Baptiste
Flood Claims Examiner
Progressive Flood
Toll Free: (866) 511-0793, Ext. 5322
Fax: (888) 308-9025
Email: francois_jean-baptiste@progressive.com

Cc:

Emailed to: Tammy Beach < tbeach@merlinlawgroup.com >
     Ashley Harris < aharris@merlinlawgroup.com >
     Corey Harris < charris@merlinlawgroup.com >
     Nicole Pincus < npincus@merlinlawgroup.com >